UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY JAMES,   )  |   |
|    Plaintiff,   )  |   |
|   )  |   |
| vs.   )  | No. 20-3131 |
|   )  |   |
| WILLIAM SMITH, et. al.,   )  |   |
|    Defendants.   )  |   |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for consideration of the *pro se* Plaintiff's complaint and his motions for Appointment of Counsel and Temporary Restraining Order. [1, 5, 6]. The Court dismissed Plaintiff's handwritten motion to proceed *In Forma Pauperis* (IFP) since Plaintiff did not include the required Trust Fund Ledgers, nor enough financial information for the Court to consider his motion. [3]; *see also* May 29, 2020 Text Order. Plaintiff has until June 19, 2020 to either file a renewed motion to proceed IFP or pay the $400 filing fee in full. *See* May 29, 2020.

I. MERIT REVIEW

The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff has identified three Defendants at the Sangamon County Jail including Lieutenant William Smith, Sergeant John Kirby, and Officer Marty Curry.  Plaintiff begins his complaint with a list of violations including the Eighth Amendment, the Fourteenth Amendment, the "Matthew Shepard Act," the Illinois Hate Crime Act; and the Illinois Human Rights Act. (Comp., [1], p. 2).

Plaintiff alleges on April 24, 2020, he was forced to move to D Block in the Sangamon County Jail.  Plaintiff had enemies in this area of the jail and told Defendants Smith, Kirby, and Curry he would be attacked.  Plaintiff also tried to refuse housing.  Nonetheless, the Defendants ignored Plaintiff's concerns and transferred Plaintiff.

Plaintiff says he "ended up getting beat up after I moved to D-Block." (Comp, p. 2).  However, the assault occurred approximately three weeks later on May 17, 2020.  Plaintiff does not provide any information concerning who was involved in the assault or what injuries he received.

Plaintiff further contends the Defendants knew he would be assaulted, but they still moved him "because they're racist and don't like me because I am African American." (Comp., [1], p. 2)

Plaintiff has adequately alleged for the purposes of notice pleading that the Defendant Officers failed to protect him from an assault.  Plaintiff has invoked both the Eighth Amendment and the Fourteenth Amendment rights.  However, claims brought by pretrial detainees arise only under the Fourteenth Amendment, while the Eighth Amendment applies to convicted prisoners. *See Hardeman v. Curran*, 933 F.3d 816, 821– 22 (7th Cir. 2019). Assuming Plaintiff was a pretrial detainee at the time of his

allegations, he would then be entitled to the broader protections of the Fourteenth Amendment. *See Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018); *citing Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015).

Plaintiff is also alleging a claim pursuant to the Matthew Shepard Act, but this is a hate-crime statute that does not include a civil cause of action. *See* 18 U.S.C. § 249.

Plaintiff further refers to the Illinois Hate Crimes Act which does allow a civil cause of action for damages to "any person suffering injury to his person or damage to his property as a result of hate crime." 720 ILCS 5/12-7.1(c). However, a hate crime occurs when an individual "commits" several identified offenses including assault and battery due to the "actual or perceived" race or color of the victim. 720 ILCS 5/12-7.1(a).

In this case, Plaintiff does not allege the Defendants were the individuals who assaulted him. *See i.e. Hampton v. Baldwin*, 2019 WL 2118219, at *2 (S.D.Ill. May 15, 2019)(Illinois Hate Crimes claim against officer who assaulted inmate due to her gender and sexual orientation). Instead, Plaintiff alleges Defendants moved him to another cellblock over his protests which is not a hate crime.

Finally, Plaintiff has failed to state a claim pursuant to the Illinois Human Rights Act which "forbids discrimination in the workplace." *Bixby v. JP Morgan Chase Bank, N.A.*, 2012 WL 832889, at *14 (N.D.Ill. March 8, 2012); *see also* 775 ILCS 5/1–101 *et seq.*

3

Plaintiff may proceed with his claim alleging Defendants Smith, Kirby, and Curry violated his constitutional rights when they failed to protect him from an assault at the Sangamon County Jail.[1]

## II. MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff has also filed a motion for appointment of counsel. [5]. Plaintiff has no constitutional right to the appointment of counsel and the Court cannot require an attorney to accept *pro bono* appointment in a civil case. Therefore, the most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean,* 953 F.2d 1070, 1071 (7th Cir. 1992).

In considering Plaintiff's motion, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993).

Plaintiff has not demonstrated any attempt to find counsel on his own such as a list of attorneys contacted, or copies of letters sent and received. Therefore, the motion is denied with leave to renew. [5].

## II. MOTION FOR EMERGENCY INJUNCTIVE RELIEF

Plaintiff has filed a motion for emergency injunctive relief. [6]. Plaintiff's motion specifically requests a temporary restraining order (TRO), but it appears Plaintiff is also

---

[1] Plaintiff says he completed the Jail Grievance Procedure prior to filing his complaint on May 28, 2020.

requesting a preliminary injunction since he asks for the injunction "until the case is over." (Mot., [6], p. 1).

A TRO can be issued without notice to the party to be enjoined, but it may last no more than fourteen days. Fed. R. Civ. P. 65(b)(2). A court may only grant the motion if "specific facts in an affidavit or a verified complaint clearly show that immediate or irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). This relief is warranted "to prevent a substantial risk of injury from ripening into actual harm." *Farmer v. Brennan*, 511 U.S. 825, 845 (1994). A TRO is an "emergency remedy" designed to "maintain the status quo until a hearing can be held on an application for a preliminary injunction." *Crue v. Aiken*, 137 F.Supp.2d 1076, 1082 (C.D.Ill. April 6, 2001).

On the other hand, a preliminary injunction can be issued only after the adverse party is given notice and an opportunity to oppose the motion. *See* Fed. R. Civ. P. 65(a)(1). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted). *See also Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013); *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007); *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999). A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).

Plaintiff asks the Court to order Defendants to stop putting him in cell blocks where he could be hurt or killed "because they won't listen to me when I tell them I have enemies." (Mot., [6], p. 6).

Plaintiff has articulated a constitutional violation given the liberal standards of notice pleading.  However, Plaintiff has not met his burden for emergency injunctive relief.  For instance, Plaintiff has not provided specific facts showing he is likely to suffer an irreparable harm without immediate injunctive relief.  Plaintiff does not claim he is currently on D Block, nor does he allege he is currently on a housing unit with specific enemies.  Plaintiff also does not clearly state if he is asking for injunctive relief concerning placement in any other specific, housing units.

In addition, it is not clear that Plaintiff is likely to succeed on the merits of his claim because Plaintiff has not stated if he identified the specific enemies to Defendants before the was moved, or if he made a general complaint about his safety on April 24, 2020.  If Plaintiff did identify specific threats, Plaintiff does not indicate if they same individuals ultimately assaulted him three weeks later.

In considering a preliminary injunction, the Court would also likely inquire whether Plaintiff's current institution allows detainees to designate specific "enemies" they should not be housed with, and if so, whether Plaintiff has ever made this request concerning the inmates who either assaulted him or were involved in the assault.

Plaintiff has failed to meet his burden for emergency injunctive relief and his motion is denied with leave to renew. [6]. Plaintiff may choose to renew his motion, but

Plaintiff must provide the necessary information to put the Court on notice of his specific claim and the specific, current danger to his safety.

The Court will now attempt service on the named Defendants. In an abundance of caution, the Court will also send a copy of this order to the Sangamon County Jail Administrator to alert the supervisor to Plaintiff's claim concerning his safety at the jail..

Finally, Plaintiff is reminded he must either pay the $400 filing fee in full or file a renewed IFP motion on or before June 19, 2020 if he wishes to proceed with this litigation.

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges Sangamon County Jail Defendants Lieutenant William Smith, Sergeant John Kirby, and Officer Marty Curry violated Plaintiff's constitutional rights on April 24, 2020 when they failed to protect him from an inmate assault. The claim is stated against the Defendants in their individual capacities only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as

premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel**.**

10) Plaintiff is reminded he MUST either pay the $400 filing fee in full or file a revised IFP motion on or before June 19, 2020.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Deny Plaintiff's motion for appointment of counsel with leave to renew, [5];**

**2) Deny Plaintiff's motion for emergency injunctive relief with leave to renew, [6]; 3) Attempt service on Defendants pursuant to the standard procedures; 4)**

**set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines; 5) enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act; and 6) the Clerk is directed to fax a copy of this order Sangamon County Jail Administrator Larry Beck or the current Jail Administrator.**

ENTERED this 3rd day of June, 2020.

                         s/ James E. Shadid
         _____
                         JAMES E. SHADID
                   UNITED STATES DISTRICT JUDGE